UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-cv-18

| DOREEN ELWOOD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| FEDERAL BUREAU OF INVESTIGATION, CENTRAL INTELLIGENCE AGENCY, & IMMIGRATIONAND CUSTOMS ENFORCEMENT, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on its own motion. For the following reasons, Plaintiff's Amended Complaint (Document #3), filed March 4, 2009, is dismissed.

**FACTUAL BACKGROUND**

Plaintiff Doreen Elwood ("Elwood") originally filed a pro se complaint in this court on February 25, 2009 and paid the full filing fee of $350. An amended complaint was filed a week later, on March 4. No responses have been filed by the defendants in this case.

In her handwritten complaint, Elwood accuses the federal government of conducting experiments on herself and her family and of general abuse. Although the following list is by no means exhaustive, she alleges that the government used "[r]adio waves . . . in an attempt to turn on the transmitter implant in my lower left Jaw," monitored her movements using "chrome Jet's (sic)," placed "Microscopic Cameras" in her eye drops, and implanted a microchip in her brain. (Am. Compl. 1, 14, 24). Elwood made similar accusations in a case filed in Vermont state court almost

1

five years ago.  That case was subsequently removed to the United States District Court for the District of Vermont, where it was dismissed as frivolous on November 21, 2005.  Clark v. Vermont, 1:05cv266 (D. Vt. 2005).[1]

## ANALYSIS

A plaintiff's complaint is subject to review pursuant to the inherent authority of the district court and may be dismissed as frivolous when appropriate.  Penland Fin. Servs., Inc. v. Select Fin. Servs., Inc., 2008 WL 5279638, *2 (D.S.C. 2008).  Although 28 U.S.C. § 1915(e) specifically allows a district court to review claims filed *in forma pauperis* for frivolity, the Supreme Court has noted that a "[s]tatutory provision may simply codify existing rights or powers."  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307 (1989).  In Mallard, the Supreme Court went on to explain that although 28 U.S.C. § 1915 gave district courts the explicit authority to dismiss frivolous actions filed *in forma pauperis*, there was "little doubt that [district courts] would have the power to do so even in the absence of this statutory provision."  Id.  Thus, Mallard recognizes the inherent power of a district court to dismiss frivolous claims even in the absence of express statutory authorization.  Based on the reasoning of Mallard, the Second Circuit has since held that a district court has the inherent authority to dismiss all frivolous claims regardless of whether a filing fee was paid.  See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).

Other circuits, including the Fourth Circuit, have also recognized a district court's authority

---

[1] At the time that case was filed, plaintiff's name was Doreen Clark.  According to a marriage license filed with her complaint, plaintiff has since married and adopted her husband's last name, Elwood, as her own.

to dismiss a paid complaint as frivolous on the grounds that a frivolous complaint cannot confer subject matter jurisdiction on the court. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 817 n.5 (4th Cir. 2004); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). The authority for this position derives from a long line of Supreme Court cases holding that "[a] patently insubstantial complaint may be dismissed . . . for want of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); see also Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (holding the same and citing a long line of cases); Bell v. Hood, 327 U.S. 678, 682-83 (1946). A district court may dismiss a claim for lack of subject matter jurisdiction on its own motion. See FED. R. CIV. P. 12(h)(3).

Although this court recognizes that a pro se complaint must be read liberally, Erickson v. Pardus, 551 U.S. 89 (2007), the factual allegations contained within Elwood's complaint "are the product of delusion and fantasy," are "clearly baseless," and are thus frivolous. Neitzke, 490 U.S. at 327. Therefore, it is within the inherent authority of this court to dismiss Elwood's complaint. See Penland, *2. Additionally, this court lacks subject matter jurisdiction because Elwood's claims are plainly insubstantial, frivolous, and lacking a basis in either law or fact, and the complaint may be dismissed on this basis as well. See Dixon, 369 F.3d at 817 n.5; see also Neitzke, 490 U.S. at 325 (holding that in the case of *in forma pauperis* complaints, a claim is frivolous "where it lacks an arguable basis in either law or fact").

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Plaintiff Doreen Elwood's amended complaint is **DISMISSED**.

Signed: March 20, 2009

Richard L. Voorhees
United States District Judge